IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

RODRICK JOHNSON PATTERSON, #38717                          PLAINTIFF
*also known as* Ricky Johnson;  Rodrick Earl Johnson;
Rodrick Johnson;  and Rodrick Patterson

VERSUS                          CIVIL ACTION NO. 3:13-cv-339-TSL-JMR

MICHELE PURVIS HARRIS, ET AL.                          DEFENDANTS

<u>MEMORANDUM OPINION</u>

Plaintiff filed this *pro se* complaint pursuant to 42 U.S.C.
§ 1983.  On June 18, 2013, this court entered an order [ECF No.
4] advising the plaintiff of the consequences of filing this
action under the Prison Litigation Reform Act.  The order
directed the plaintiff to file either a notice of voluntary
dismissal or a written response stating that he wishes to
continue with this case, within thirty days.  The plaintiff was
warned that his failure to keep the court informed of his current
address or his failure to timely comply with the requirements of
the order may result in the dismissal of this case.  On July 16,
2013, the envelope [ECF No. 6] containing the June 18th order was
returned by the postal service with the notation "return to
sender - not deliverable as addressed - unable to forward."  The
plaintiff failed to comply with the order [ECF No. 4] of June 18,
2013.

On August 5, 2013, an order [ECF No. 7] was entered directing
the plaintiff to show cause, on or before August 20, 2013, why
this case should not be dismissed for his failure to comply with
the court's June 18, 2013 order.  In addition, plaintiff was
directed to comply with the order by filing a notice of voluntary

dismissal or a written response stating that he wishes to continue with this case, on or before August 20, 2013.  The show cause order warned plaintiff that failure to keep the court informed of his current address or his failure to timely comply with the requirements of the order would lead to the dismissal of his complaint, without further notice.  On August 14, 2013, the envelope [ECF No. 8] containing the show cause order was returned by the postal service with the notation "return to sender." Plaintiff did not comply with the show cause order.

Since plaintiff is incarcerated and proceeding *pro se*, he was provided one final opportunity to comply with the court's orders prior to the dismissal of this case.  On September 4, 2013, the court entered a final order to show cause [ECF No. 9] directing plaintiff to show cause why this case should not be dismissed for his failure to comply with the orders of June 18, 2013, and August 5, 2013.  In addition, plaintiff was directed to comply with the previous orders, on or before September 19, 2013. The final order to show cause [ECF No. 9] also warned plaintiff that his failure to timely comply with the order or his failure to keep this court informed of his current address would result in the dismissal of this case without further written notice to the plaintiff.  On September 16, 2013, the envelope [ECF No. 10] containing the final show cause order was returned by the Hinds County Detention Center with the notation "subject moved and did not leave a forwarding address."  Plaintiff did not comply with the final show cause order.

2

Plaintiff has not contacted the court about this case since he filed the action on June 4, 2013. The court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the court. *Id.* at 629-30.

Plaintiff has failed to comply with three court orders and he has failed to keep the court informed of his current address. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but instead such efforts have proven futile. *See Tello v. Comm'r.*, 410 F.3d 743, 744 (5th Cir. 2005). Therefore, the court concludes that dismissal of this action for plaintiff's failure to prosecute and failure to comply with the orders of the court under Rule 41(b) of the Federal Rules of Civil Procedure is proper. *See Rice v. Doe*, No. 08-20381, 2009 WL 46882, at *1 (5th Cir. Jan. 8, 2009)(affirming dismissal of prisoner's case for failure to comply with court orders). Since the defendants have not been called on to respond

to plaintiff's pleading, and the court has not considered the merits of plaintiff's claims, the court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, Ltd. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A final judgment in accordance with this memorandum opinion will be entered.

SO ORDERED, this the ___4th___ day of October, 2013.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE